UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DARA PECORA, an infant under the age of sixteen (16), by and through her Father and Natural Guardian, LOUIS J. PECORA, and LOUIS J. PECORA, Individually,

        Plaintiff(s),

  -against-

RUBY TUESDAY, INC.,

        Defendant.
-------------------------------------------------------------X

Case No.:

**NOTICE OF REMOVAL**

**S I R S:**

  **PLEASE TAKE NOTICE** that defendant, RUBY TUESDAY, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, hereby removes this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1332.

  1. This action was commenced against the defendant, RUBY TUESDAY, INC., in the Supreme Court of the State of New York, Westchester County, by the filing of a Summons and Complaint with the Clerk of the Court on or about July 29, 2008.

  2. Upon information and belief and pursuant to the averments in the Summons and Verified Complaint, plaintiff resides in Westchester County and is, therefore, a citizen of the State of New York.

3. At the time of service of the Summons and Verified Complaint, RUBY TUESDAY, INC. was and is incorporated under the laws of the State of Georgia, with its principal place of business in Maryville, Tennessse and is, therefore, a citizen of the States of Georgia and Tennessee.

4. Therefore, the action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

5. The Complaint seeks damages for personal injury due to the alleged negligence of RUBY TUESDAY, INC. in excess of the jurisdictional limitations of all lower Courts in the State of New York which would otherwise have jurisdiction.

6. This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy upon information and belief, exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states. By virtue of 28 U.S.C. §1441(a), this cause of action is removable to this Court.

7. Defendant, RUBY TUESDAY, INC. was purportedly served with a copy of the initial pleading setting forth the claim upon which this action is based on or about August 5, 2008.

8. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the defendant of a copy of the initial pleading.

9.  Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

10. Pursuant to 28 U.S.C. 1446(a), copies of the Summons and Verified Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, are attached hereto as Exhibit "A" and made a part of this Notice by reference.

11. RUBY TUESDAY, INC. will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

12. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses, RUBY TUESDAY, INC. requests that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

Dated: New York, New York
       August 27, 2008

Yours, etc.,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford (DR 8564)
Attorneys for Defendant
RUBY TUESDAY, INC.
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799

TO: JAY S. HAUSMAN & ASSOCIATES, P.C.
Attorneys for Plaintiff
280 N. Central Avenue - Suite 40
Hartsdale, New York 10530
(914) 946-3344
Attn: Elizabeth M. Pendzick

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, WESTCHESTER COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to Jay S. Hausman & Associates, P.C., 280 N. Central Avenue - Suite 40, Hartsdale, New York 10530, Attn: Elizabeth M. Pendzick, on this 27th day of August, 2008.

RUTHERFORD & CHRISTIE, LLP

By: _____
David S. Rutherford (DR 8564)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DARA PECORA, and infant under the age of sixteen (16),
by and through her Father and Natural Guardian, LOUIS            Case No.:
J. PECORA, and LOUIS J. PECORA, Individually,

                              Plaintiff(s),        **NOTICE TO ADVERSE**
                                                  **PARTY OF FILING OF**
     -against-                                    **NOTICE OF REMOVAL**

RUBY TUESDAY, INC.,

                              Defendant.
-----------------------------------------------------------------X

**S I R S:**

     **PLEASE TAKE NOTICE,** that on August 27, 2008, defendant, RUBY TUESDAY, INC., duly filed the Notice of Removal in this action, removing this matter in its entirety to the United States District Court for the Southern District of New York.

     A copy of the Notice of Removal with copies of all process, pleadings and orders served on the defendants, Ruby Tuesday, Inc., and/or filed in the State Court of the City of New York, County of Westchester are annexed hereto.

Dated: New York, New York
          August 27, 2008

                                        Yours, etc.,

                                        RUTHERFORD & CHRISTIE, LLP

                                        By:_____
                                        David S. Rutherford (DR 8564)
                                        Attorneys for Defendant
                                        RUBY TUESDAY, INC.
                                        369 Lexington Avenue, 8th Floor
                                        New York, New York 10017
                                        (212) 599-5799

TO:   JAY S. HAUSMAN & ASSOCIATES, P.C.
      Attorneys for Plaintiff
      280 N. Central Avenue - Suite 40
      Hartsdale, New York 10530
      (914) 946-3344
      Attn: Elizabeth M. Pendzick

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
DARA PECORA, an infant under the age of sixteen (16),   Index No.: 16509/2008
by and through her Father and Natural Guardian, LOUIS
J. PECORA, and LOUIS J. PECORA, Individually,

                                  Plaintiff(s),          **NOTICE OF REMOVAL TO
                                                                              CLERK OF THE SUPREME
                                                                              COURT, WESTCHESTER
     -against-                                                        COUNTY**

RUBY TUESDAY, INC.,

                                  Defendant.
------------------------------------------------------------------X

TO:   CLERK OF THE SUPREME COURT OF THE STATE OF NEW YORK,
       COUNTY OF WESTCHESTER
       111 Dr. Martin Luther King, Jr. Blvd.
       White Plains, New York 10601

**S I R S:**

     **PLEASE TAKE NOTICE** that on August 27, 2008, the defendant, RUBY TUESDAY,

INC., duly filed a Notice of Removal, a copy of which is annexed hereto, removing this action in its

entirety to the United States District Court for the Southern District of New York.

Dated: New York, New York
          August 27, 2008

                                                  Yours, etc.,

                                  **RUTHERFORD & CHRISTIE, LLP**

                                  By:_____
                                     David S. Rutherford (DR 8564)
                                   Attorneys for Defendant
                                   RUBY TUESDAY, INC.
                                   369 Lexington Avenue, 8th Floor
                                   New York, New York 10017
                                   (212) 599-5799

TO:  JAY S. HAUSMAN & ASSOCIATES, P.C.
     Attorneys for Plaintiff
     280 N. Central Avenue - Suite 40
     Hartsdale, New York 10530
     (914) 946-3344
     Attn: Elizabeth M. Pendzick

## AFFIDAVIT OF SERVICE VIA MAIL

STATE OF NEW YORK      )
                                            ss.:
COUNTY OF NEW YORK  )

**NADEA WILSON**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in the County of Bergen, State of New Jersey.

That on August 27, 2008, deponent served the within **NOTICE OF REMOVAL TO THE CLERK OF THE SUPREME COURT, WESTCHESTER COUNTY** upon:

Jay S. Hausman & Associates, P.C.
Attorneys for Plaintiff
280 N. Central Avenue - Suite 40,
Hartsdale, New York 10530,
Attn: Elizabeth M. Pendzick,

attorneys for the plaintiff in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
**NADEA WILSON**

Sworn to before me on this 27th day
of August, 2008.

_____
NOTARY PUBLIC

JENNIFER H. PYMM
Notary Public, State of New York
No. 02PY6008422
Qualified in New York County
Commission Expires 7/26/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------X
DARA PECORA, an infant under the age of sixteen (16),
by and through her Father and Natural Guardian, LOUIS
J. PECORA, and LOUIS J. PECORA, Individually,

                        Plaintiffs,

      -against-

RUBY TUESDAY, INC.,

                        Defendant.

-----------------------------------------------------------X

Plaintiffs designate
Westchester County as the Place of
Trial

Index No.: 16509/08
**SUMMONS**

Plaintiff resides at
38 Beckeridge Ave.
Port Chester, New York 10573

To the above named Defendants:

    **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Hartsdale, New York
       July 22, 2008

**Defendant's Address:**

RUBY TUESDAY, INC.
150 West Church Avenue
Maryville, TN 37801

JAY S. HAUSMAN & ASSOCIATES, P.C.

ELIZABETH M. PENDZICK
Attorneys for Plaintiffs
*Office and Post Office address*
280 N. Central Avenue - Suite 40
Hartsdale, New York 10530
(914) 946-3344

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
DARA PECORA, and infant under the age of
sixteen (16), by and through her Father and Natural
Guardian, LOUIS J. PECORA, and LOUIS J.
PECORA, Individually,

       Plaintiffs,    Index No.

  -against-        **COMPLAINT**

RUBY TUESDAY, INC.,
       Defendant.
------------------------------------------------------------X

  Plaintiffs, by and through their attorneys, *JAY S. HAUSMAN & ASSOCIATES, P.C.*, complaining of the defendants herein, alleges upon information and belief as follows:

1. That at all times hereinafter mentioned, the plaintiffs resided in the County of Westchester, State of New York.

2. That the causes of action alleged herein arose in the County of Dutchess, State of New York.

3. That this action falls within one or more exemptions set forth in CPLR §1602.

4. That, upon information and belief, and at all times hereinafter mentioned, the defendant RUBY TUESDAY, INC., does business in the State of New York.

5. That, upon information and belief, and at all times hereinafter mentioned, the defendant RUBY TUESDAY, INC., is a domestic corporation organized and existing by virtue of the Laws of the State of New York.

6. That, upon information and belief, and at all times hereinafter mentioned, the defendant

RUBY TUESDAY, INC., is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York

7. That at all times hereinafter mentioned, and upon information and belief, the defendant RUBY TUESDAY, INC., was and still is a partnership organized and existing under and by virtue of the Laws of the State of New York.

8. That at all times hereinafter mentioned, and upon information and belief, defendant RUBY TUESDAY, INC., owned the premises, appurtenances and fixtures located at 25 Westage Drive, Fishkill, New York 12524.

9. That at all times hereinafter mentioned, and upon information and belief, defendant RUBY TUESDAY, INC., operated the premises, appurtenances and fixtures, located at 25 Westage Drive, Fishkill, New York 12524.

10. That at all times hereinafter mentioned, and upon information and belief, defendant RUBY TUESDAY, INC., maintained the premises, appurtenances and fixtures located at 25 Westage Drive, Fishkill, New York 12524.

11. That at all times hereinafter mentioned, and upon information and belief, defendant RUBY TUESDAY, INC., controlled the premises, appurtenances and fixtures located at 25 Westage Drive, Fishkill, New York 12524.

12. That at all times hereinafter mentioned and upon information and belief, defendant, RUBY TUESDAY, INC., managed the premises, appurtenances and fixtures located at 25 Westage Drive, Fishkill, New York 12524.

13. That at all times hereinafter mentioned and upon information and belief, defendant, RUBY TUESDAY, INC., repaired the premises, appurtenances and fixtures located at 25

Westage Drive, Fishkill, New York 12524.

14. That at all times hereinafter mentioned and upon information and belief, defendant, RUBY TUESDAY, INC., owned, operated, maintained, repaired controlled and/or had the care and control of the aforementioned premises and appurtenances thereto.

15. That at all times hereinafter mentioned, the location/building located at 25 Westage Drive, Fishkill, New York 12524 was and still is a public place.

16. That on or about January 26, 2008, the infant plaintiff, DARA PECORA, was a lawful patron ambulating at or about the aforesaid location.

17. That on the aforesaid date and location, parts of the plaintiff's body were caused to suffer violent trauma within and about the subject location.

18. That the accident and resulting injuries sustained by the plaintiff, were caused solely and wholly by the defendant, by and through its agents, servants and/or employees, in that they were negligent, careless and reckless in their ownership, operation, maintenance, repair and control of the aforesaid premises as hereinafter set forth.

19. That the defendants herein were negligent and careless in that they violated their duty to persons lawfully on the aforesaid premises and to this plaintiff in particular in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

20. That the defendants, by and through their agents, servants and or employees, were negligent, careless and reckless in their ownership, operation, maintenance, management, repair and control of the premises as follows: in causing, suffering and/or allowing and permitting a dangerous and defective condition, to be, remain and exist in the aforesaid area; in failing to take any and all appropriate steps to prevent the aforesaid dangerous condition from occurring; in

causing, creating, allowing suffering and/or permitting a dangerous condition to be and remain and exist in the aforesaid area; in causing and/or suffering, allowing and permitting a nuisance to be, remain and exist in the aforesaid area, all of which the defendants, by and through their agents, servants and or employees, had actual and or constructive notice thereof and in general, the defendants still failed to use that degree of care and caution warranted under all the surrounding circumstances.

21. That the defendant RUBY TUESDAY, INC., by and through their agents, servants and or employees, caused and/or created the aforementioned dangerous/defective condition.

22. That on January 26, 2008, and prior thereto, the defendant, RUBY TUESDAY, carelessly, negligently and recklessly, caused, suffered and permitted the aforesaid building, fixtures and appurtenances therein to be, become and remain in a defective, dangerous and hazardous condition.

23. That the defendant, RUBY TUESDAY, INC., was negligent and careless in that they violated their duty to the public and to this plaintiff, DARA PECORA, in particular in knowingly, causing, suffering and allowing the aforesaid building, fixtures and appurtenances thereto, to be, become and remain in a defective and dangerous condition and was further negligent in failing to take suitable precautions for the safety of said persons lawfully within said building.

24. That on or about January 26, 2008, while the plaintiff, DARA PECORA, was lawfully about and within said building, she was caused to sustained the injuries hereinafter set forth solely and wholly as a result of the negligence of the defendant.

25. That the aforesaid accident and resulting injuries sustained by this plaintiff were caused

by reason of the negligence of the defendants without this plaintiff in any way contributing thereto.

26. The defendant had actual notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

27. The defendant had constructive notice of the defective and dangerous condition prior to the happening of the accident alleged herein.

28. The defendant caused and created the aforementioned defect.

29. That by reason of the foregoing and the negligence of the said defendants, this plaintiff, DARA PECORA, is informed and she verily believes, her injuries are permanent in nature and she will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

30. That by reason of the foregoing, this plaintiff, DARA PECORA, was compelled and did necessarily require medical attention and upon information and belief, the plaintiff, DARA PECORA, will necessarily incur similar expenses in the future.

31. That by reason of the foregoing, the plaintiff, DARA PECORA, was unable to attend to her usual avocation in the manner required.

32. That as a result of the defendants' negligence as aforesaid, this plaintiff, DARA PECORA, has been damaged in a sum which exceeds the jurisdictional limits of all other courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF LOUIS J. PECORA

33. That at all times hereinafter mentioned, plaintiff, LOUIS J. PECORA, reiterates and realleges each and every allegation contained in the paragraphs of this Complaint herein, as

though more fully set forth herein at length.

34. That at all times hereinafter mentioned, plaintiff, LOUIS J. PECORA, was the lawful father and natural guardian of plaintiff, DARA PECORA, and as such said plaintiff was entitled to the society and services of said infant plaintiff, DARA PECORA.

35. By reason of the aforesaid negligence of the defendants, their agents, servants and/or employees as aforesaid, the plaintiff LOUIS J. PECORA was deprived of the aforesaid society and services of the plaintiff, DARA PECORA.

36. As a result of the herein above, plaintiff, LOUIS J. PECORA, has expended diverse sums of money in payment of the expenses incurred for medical care, treatment and hospitalization for infant plaintiff, DARA PECORA.

37. That by reason of the foregoing negligence on the part of the defendants, the plaintiff, LOUIS J. PECORA, has been damaged in amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter.

WHEREFORE, infant plaintiff, DARA PECORA, demands judgment against the defendants in the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter; and plaintiff, LOUIS J. PECORA, demands judgment against the defendants in the Second Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter; together with the costs and disbursements of this action.

Dated:      Hartsdale, New York
            July 22, 2008

Yours, etc.,

JAY S. HAUSMAN & ASSOCIATES, P.C.

By: _____
ELIZABETH M. PENDZICK
*Attorneys for Plaintiffs*
280 North Central Ave- Suite 40
Hartsdale, New York 10530
(914) 946-3344