UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARA PECORA, an infant under the age of sixteen (16),
by and through her Father and Natural Guardian, LOUIS
J. PECORA, and LOUIS J. PECORA, Individually,

         Plaintiffs,

 -against-

RUBY TUESDAY, INC.,

         Defendant.
------------------------------------------------------------------X

**ECF CASE**

08 CV 7569 (CS)

**ANSWER WITH JURY DEMAND**

  Defendant, RUBY TUESDAY, INC., by and through its attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for its Answer to the Complaint of plaintiff herein, respectfully sets forth as follows, upon information and belief:

  FIRST: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiffs' Complaint

  SECOND: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "2" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

  THIRD: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

  FOURTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

FIFTH: Denies each of the allegations contained in the paragraph designated as "5" of the plaintiff's Complaint, but admits that RUBY TUESDAY, INC. is a Georgia corporation with its principal place of business in Tennessee.

SIXTH: Denies each of the allegations contained in the paragraph designated as "6" of the plaintiff's Complaint, but admits that RUBY TUESDAY, INC. is a Georgia corporation with its principal place of business in Tennessee.

SEVENTH: Denies each of the allegations contained in the paragraph designated as "7" of the plaintiff's Complaint, but admits that RUBY TUESDAY, INC. is a Georgia corporation with its principal place of business in Tennessee.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "8" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "9" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "10" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "11" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "12" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

THIRTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "13" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

FOURTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "14" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "15" of the plaintiffs' Complaint, and refers all questions of law to this Honorable Court.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "16" of the plaintiffs' Complaint.

SEVENTEENTH: Denies each and every allegation contained in the paragraph designated as "17" of the plaintiffs' Complaint.

EIGHTEENTH: Denies each and every allegation contained in the paragraph designated as "18" of the plaintiffs' Complaint.

NINETEENTH: Denies each and every allegation contained in the paragraph designated as "19" of the plaintiffs' Complaint.

TWENTIETH: Denies each and every allegation contained in the paragraph designated as "20" of the plaintiffs' Complaint.

TWENTY-FIRST: Denies each and every allegation contained in the paragraph designated as "21" of the plaintiffs' Complaint.

TWENTY-SECOND: Denies each and every allegation contained in the paragraph designated as "22" of the plaintiffs' Complaint.

TWENTY-THIRD: Denies each and every allegation contained in the paragraph designated as "23" of the plaintiffs' Complaint.

TWENTY-FOURTH: Denies each and every allegation contained in the paragraph designated as "24" of the plaintiffs' Complaint.

TWENTY-FIFTH: Denies each and every allegation contained in the paragraph designated as "25" of the plaintiffs' Complaint.

TWENTY-SIXTH: Denies each and every allegation contained in the paragraph designated as "26" of the plaintiffs' Complaint.

TWENTY-SEVENTH: Denies each and every allegation contained in the paragraph designated as "27" of the plaintiffs' Complaint.

TWENTY-EIGHTH: Denies each and every allegation contained in the paragraph designated as "28" of the plaintiffs' Complaint.

TWENTY-NINTH: Denies each and every allegation contained in the paragraph designated as "29" of the plaintiffs' Complaint.

THIRTIETH: Denies each and every allegation contained in the paragraph designated as "30" of the plaintiffs' Complaint.

THIRTY-FIRST: Denies each and every allegation contained in the paragraph designated as "31" of the plaintiffs' Complaint.

THIRTY-SECOND: Denies each and every allegation contained in the paragraph designated as "32" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION ON BEHALF OF LOUIS J. PECORA

THIRTY-THIRD: As and for an answer to paragraph "33," defendant repeats, reiterates and realleges each and every response to paragraphs "1" through "32" of the plaintiffs' Complaint with the same force and effect as if set forth herein at length.

THIRTY-FOURTH: Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "34" of the plaintiffs' Complaint.

THIRTY-FIFTH: Denies each and every allegation contained in the paragraph designated as "35" of the plaintiffs' Complaint.

THIRTY-SIXTH: Denies each and every allegation contained in the paragraph designated as "36" of the plaintiffs' Complaint.

THIRTY-SEVENTH: Denies each and every allegation contained in the paragraph designated as "37" of the plaintiffs' Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Upon information and belief, that whatever damages the plaintiffs may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiffs. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiffs, bear to the culpable conduct which caused said damages.

### AS AND FOR A SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

THIRTY-NINTH: If the injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendant, the amount of such damages shall be diminished in the proportion that the culpable conduct attributable to third parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

### AS AND FOR A THIRD SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTIETH: That the Complaint herein fails to state a cause of action upon which relief may be granted against the defendant.

### AS AND FOR A FOURTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIRST: The answering defendant, its agents, servants and/or employees did not take part in or direct any of the acts complained of which resulted in plaintiffs' alleged damages.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SECOND: Plaintiffs' damages were caused and brought about by an intervening and superseding cause and were not caused by the defendant, or by a person or entity for whom the defendant is responsible.

### AS AND FOR A SIXTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-THIRD:  The defendant's liability, if any, to the plaintiffs are limited under Article 16 of the Civil Practice Law & Rules of the State of New York.

### AS AND FOR A SEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FOURTH:  Upon information and belief, plaintiffs' economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

### AS AND FOR AN EIGHTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-FIFTH:  The answering defendant, pursuant to §1412 of the CPLR, alleges upon information and belief that if the plaintiffs sustained any damages at the time and place alleged in the Complaint, such damages were the result of the culpable conduct of the plaintiffs because of the plaintiffs' negligence or assumption of risk.  Should it be found, however, that defendant is liable to the plaintiffs herein, any liability being specifically denied, then the defendant demands that any damages that are found to be apportioned among the respective parties according to the degree of responsibility each is found to have in the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SIXTH:  Any injuries or damages claimed were caused, in whole or in part, by

the negligence or other culpable conduct of third parties over which the answering defendant had no control or right to exercise such control.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FORTY-SEVENTH: The Court does not have jurisdiction over the answering defendant based upon improper service of process.

### DEMAND FOR A JURY TRIAL

FORTY-EIGHTH: Defendant demands a trial by jury as to any and all issues raised in the Complaint and this answer which are triable before a jury.

**WHEREFORE,** defendant, RUBY TUESDAY, INC., demands judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
August 28, 2008

Yours, etc.

**RUTHERFORD & CHRISTIE, LLP**

BY: _____
David S. Rutherford
Attorneys for Defendant,
RUBY TUESDAY, INC.
369 Lexington Avenue - 8th Floor
New York, New York 10017
(212) 599-5799

TO:  JAY S. HAUSMAN & ASSOCIATES, P.C.
Attorney for Plaintiffs
280 North Central Ave - Suite 40
Hartsdale, New York 10530
(914) 946-3344
Attention: Elizabeth M. Pendzick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DARA PECORA, an infant under the age of sixteen (16),
by and through her Father and Natural Guardian, LOUIS
J. PECORA, and LOUIS J. PECORA, Individually,

                           Plaintiffs,

    -against-

RUBY TUESDAY, INC.,

                           Defendant.
------------------------------------------------------------------X

**ECF CASE**

08 CV 7569 (CS)

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

**S I R S :**

    **PLEASE TAKE NOTICE**, that pursuant to Rule 30 of the Federal Rules Civil Procedure, the testimony, upon oral examination of the plaintiffs, as a party, will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of **RUTHERFORD & CHRISTIE, LLP** located at 369 Lexington Avenue - 8th Floor, New York, New York, 10017 on October 30, 2008, at 10:00 o'clock in the forenoon of that day with respect to evidence and material necessary in the defense of this action.

That the said person to be examined is required to produce at such examination any and all documents relative to the claims in the plaintiffs' Complaint.

Dated: New York, New York
August 28, 2008

          Yours, etc.

         **RUTHERFORD & CHRISTIE, LLP**

         BY: _____
          David S. Rutherford
          Attorneys for Defendant,
          RUBY TUESDAY, INC.
          300 East 42nd Street, 18th Floor
          New York, New York 10017
          (212) 599-5799

TO: JAY S. HAUSMAN & ASSOCIATES, P.C.
    Attorney for Plaintiffs
    280 North Central Ave - Suite 40
    Hartsdale, New York 10530
    (914) 946-3344
    Attention: Elizabeth M. Pendzick

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **ANSWER WITH JURY DEMAND and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION** was furnished via first-class mail to the offices of JAY S. HAUSMAN & ASSOCIATES, P.C., 280 North Central Ave - Suite 40, Hartsdale, New York 10530, Attention: Elizabeth M. Pendzick, on this 28th day of August, 2008

_____
David S. Rutherford (DSR 8564)